```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BRUD ROSSMANN,

                    Plaintiff,
                                          ORDER
          -against-                       13-CV-3142(JS)(GRB)

THE SUFFOLK TIMES, GRANT PARPAN,
PAUL SQUIRE, JENNIFER GUSTAVSON,
TIMES-REVIEW, JOHN DOE-1,
JOHN DOE-2, JOHN DOE-3,

                    Defendants.
----------------------------------X
```
APPEARANCES
For Plaintiff:      Brud Rossmann, pro se
                    c/o Sawtooth Capital, LLC
                    1220 N Street, NW
                    Washington, D.C. 20005

For Defendants:     No appearances.

SEYBERT, District Judge:

On May 24, 2013, pro se plaintiff Brud Rossmann ("Plaintiff") filed an eighty-six page, typed Complaint against the Suffolk Times, Grant Parpan, Paul Squire, Jennifer Gustavson, Times-Review, and three "John Does" (collectively, "Defendants").[1] On May 30, 2013, Plaintiff filed a twenty-two page document seeking leave to file a "Second Verified Amended Complaint" with a "Memorandum of Supporting Points and Authorities." (Docket Entry 3.) However, Plaintiff did not remit the $400 filing fee nor did

---

[1] Although Plaintiff is proceeding pro se in this case, he alleges that he is a 1989 cum laude graduate of Harvard Law School and is a "former decorated Trial Attorney of the U.S. Department of Justice." (Compl. ¶ 21.)

he submit a complete application to proceed in forma pauperis.[2] Accordingly, by Notice of Deficiency ("Notice") dated June 3, 2013, Plaintiff was instructed that in order to proceed, he must pay the $400 filing fee or submit a complete in forma pauperis application pursuant to 28 U.S.C. § 1915, and an in forma pauperis application was enclosed. (Docket Entry 4.) Plaintiff was warned that he must act within fourteen (14) days from receipt of the Notice. In addition, on June 5, 2013, the Court sent Plaintiff a Case Opening Letter that advised, inter alia, that he has a duty to keep the Court informed of any change of address and that failure to do so may result in dismissal of the Complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (Docket Entry 5.) Both of the Court's letters to the Plaintiff were returned as undeliverable and were stamped "unable to forward." (Docket Entries 7, 10.)

On June 13, 2013, Plaintiff filed a 192-page document entitled "Plaintiff's Second Motion for Leave Or, In The Alternative, Rule 60(B) Motion For Reconsideration." (Docket Entry 9.) The only address provided by Plaintiff in this submission is the same as that provided with his initial filings, "1220 N. Street, NW, Washington D.C. 20005." (Id.) When a party changes addresses, it is his obligation to notify the court of his new

---

[2] Plaintiff submitted only the first page of the two-page application. (Docket Entry 2.)

address.  See Concepcion v. Ross, No. 92-CV-0770, 1997 WL 777943, at *1 (E.D.N.Y. Oct. 28, 1997).  This rule applies not only to represented parties but also to pro se litigants.  Id.; see also Handlin v. Garvey, No. 91-CV-6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendants of a current address is "an obligation that rests with all pro se plaintiffs").  When a pro se litigant fails to provide the court with notice of a change of address and misses an important deadline as a result of this failure, a court may deny the litigant's request for relief.  See, e.g., Dong v. United States, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (dismissing a pro se litigant's claim because the litigant failed to inform the court of his current address, causing the court to lose contact with him).

Here, given that Plaintiff has not submitted the filing fee nor has he submitted a complete application to proceed in forma pauperis, his Complaint cannot proceed.  Moreover, the Court's efforts to communicate with Plaintiff have been fruitless because Plaintiff has not provided a current address. Accordingly, the Complaint is DISMISSED WITHOUT PREJUDICE and the Clerk of the Court is directed to CLOSE this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, should Plaintiff seek leave to appeal in forma

pauperis, in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

                                        SO ORDERED.

                                        /s/ JOANNA SEYBERT
                                        Joanna Seybert, U.S.D.J.

Dated:    August   12  , 2013
          Central Islip, New York